UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD RAY WELDON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:13-CV-02209-RDP |
| } | |
| **WASHINGTON NATIONAL** } | |
| **INSURANCE COMPANY,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Dismiss (Doc. #4), filed on December 16, 2013. The Motion (Doc. #4) is due to be granted.

This matter arises out of an injury suffered by Plaintiff Donald Ray Weldon ("Plaintiff") on October 31, 2011, while working as a custodian at Bush Middle School. (Doc. #1, Ex. A at 3). Plaintiff's claims in this case primarily consist of two allegations: 1) that Defendant Washington National Insurance Company ("Defendant") and a number of fictitious parties "negligently, willfully and/or wantonly caused or allowed the conditions which preceded, contributed to, or caused such injuries to plaintiff," and 2) that Defendant wrongfully denied Plaintiff's resulting insurance claim while "acting as an agent" for the aforementioned fictitious parties. (*Id*. at 4). These allegations form the basis of the two counts plead by Plaintiff, both of which indistinguishably attempt to state claims for negligence and wantonness. (*Id*. at 3-5).

Originally initiated in the Circuit Court of Jefferson County, Alabama on October 28, 2013, the case was removed to the United States District Court for the Northern District of Alabama upon Defendant's filing of a Notice of Removal (Doc. #1) on December 9, 2013.

Defendant then filed a Motion to Dismiss (Doc. #4) on December 16, 2013, seeking the wholesale dismissal of Plaintiff's suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Indeed, Defendant argues that Plaintiff's claims are due to be dismissed because he has "failed to allege *any facts* supporting these claims or to even allege the elements of the claims raised in the Complaint." (Doc. #4 at ¶ 2).

On December 17, 2013, the court issued a Text Order (Doc. #6) reminding the parties to brief the Motion to Dismiss in accordance with Exhibit B of the Initial Order (Doc. #5). However, Plaintiff failed thereafter to submit a response in opposition to the Motion to Dismiss or request an extension of time.  As a result, the court issued a Show Cause Order (Doc. #7) on January 3, 2014, requiring Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted as unopposed.  Plaintiff has failed to respond to the court's order in any manner.

The court construes Plaintiff's failure to respond to the court's Show Cause Order (Doc. #7) as a failure to prosecute his claim against Defendant.  As a result, the Motion to Dismiss (Doc. #5) is due to be granted and Defendant is entitled, at a minimum, to have Plaintiff's claim dismissed without prejudice for this reason alone.[1]  However, the court need not further analyze whether the circumstances are present which warrant a dismissal with prejudice as a sanction,[2] because Defendant is also entitled to have its motion granted on substantive grounds.

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] The court is indeed mindful that the Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute, or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); Fed.R.Civ.P. 41(b)-(c).  Additionally, a district court has the "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1353.

[2] A dismissal with prejudice is "an extreme sanction . . . [to be] imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. V. M/V MONDA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (citations omitted).

That being said, the complaint must include enough facts "to raise a right to belief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

Here, Plaintiff's Complaint (Doc. #1, Ex. A) is almost totally devoid of meaningful factual allegations, rendering it in violation of the pleading standard established by Rule 8.  Indeed, the only factual allegations pled by Plaintiff are 1) the date of his injury (October 31, 2011), 2) his position of employment at the time of his injury (custodian), 3) his employer at the time of his injury (Birmingham Board of Education), 4) the location of his injury (Bush Middle School), and 5) the basic circumstances surrounding his injury (the injury occurred while he was moving furniture in a classroom). (Doc. #1, Ex. A at 3).  Plaintiff not only neglects to outline the elements of the claims he asserts (*i.e.*, negligence and wantonness), but he also fails to articulate any factual allegations that relate to those elements, such as facts regarding Defendant's alleged negligence or Defendant's allegedly wrongful denial of Plaintiff's insurance claim. (*See* Doc. #1, Ex. A at 3-5).  Lacking the basic factual underpinnings necessary to lend it an air of plausibility, Plaintiff's Complaint (Doc. #1, Ex. A) fails to adequately state claims for negligence and/or wantonness.  As a result, such claims are due to be dismissed.

Accordingly, under the circumstances of this case, Defendant's Motion to Dismiss (Doc. #4) is due to be granted.  A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this January 13, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE